## International Hotel Company, Defendant in Error, v. Annie F. Flynn, Plaintiff in Error.

### Gen. No. 13,855.

1. APPELLATE PRACTICE—*effect of failure to file complete abstract.* An abstract should be sufficient to enable the court to pass upon the questions involved without reference to the record, and a failure to file such an abstract is ground for a *pro forma* affirmance.

2. JOINT AND SEVERAL OBLIGATION—*when particular instrument is.* Bonds containing covenants to pay the obligees certain damages that might be awarded to them or "to any one or more of them, jointly or severally," are joint and likewise several as to each obligee and consequently may be made the basis of a suit by one obligee to whom damages was separately awarded.

Action of debt. Error to the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed June 11, 1908.

JOHN A. IRRMANN, for plaintiff in error.

GOLDZIER, RODGERS & FROEHLICH, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The court in this case is of the opinion that the abstract filed fails to comply with the rule which requires that it shall be "complete," and that it shall be sufficient fully to present every error and exception relied on. The principal insistence of the plaintiff in error in this case is on a non-joinder of parties who should be plaintiffs under the terms of the bonds sued on, and on the improper joining of two instruments in one declaration. And yet the bonds themselves, which we must refer to in determining the questions arising in the proceeding—copies of which appear attached to the declaration in the record—are not abstracted. A mere reference to them is made, and the only means we have of knowing their contents is the

abstract of the body of the declaration and the record itself. The former is not sufficient for our purpose, and the pressure of business on us is too great to make it proper that we should break the rule of the courts of review in Illinois and search the record to find what the printed abstract ought to present to us.

We feel that in itself the failure of plaintiff in error to file a sufficient abstract in this case of the instruments sued on is justification for affirming the judgment of the court below.

But in the face of this feeling the record has been examined.

We are of opinion, after such examination, that the objections of the plaintiff in error to the judgment are not well taken. The bonds sued on contained covenants to pay the obligees certain damages that might be awarded to the obligees or "to any one or more of them jointly or severally." The bonds might have been drawn still more precisely and artificially to express the intention that they should be several obligations so far as the covenantees were concerned, but the meaning is very clear, and we think that the covenant was several as to each obligee and could be sued on, as it has been, by one of the obligees to whom damages were separately awarded. St. Louis, Alton & R. I. R. R. Co. v. Coultas, 33 Ill. 189.

Nor do we think that the declaring in one count on the two bonds was error—certainly not error which, after default and judgment, can be raised on a writ of error like this.

A similar declaration on six promissory notes in one count was sustained in Godfrey v. Buckmaster, 1 Scammon, 447, in which the court said in approval of the form used:

"In our system of practice it is of infinite importance to introduce precision and conciseness, and whatever tends to dispense with prolixity and useless recapitulation should be encouraged"—a warning which has not always been attended to in our practice since

that time. The case has been often referred to and never overruled.

The judgment of the Superior Court is affirmed.

*Affirmed.*